IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

UNITED STATES OF AMERICA,

   Plaintiff,

v.                                                     No. 1:15-cr-10001-JDB-6

TYLER ARMSTRONG,

   Defendant.


ORDER DIRECTING CLERK TO OPEN CASE
AND
FILE DOCUMENT


     Presently before the Court is Defendant, Tyler Armstrong's, "Motion for Relief from Judgment Under Federal Rule of Civil Procedure 60(b)(6)." (Docket Entry ("D.E.") 846.) Defendant asserts that his sentence should be vacated "because his 2012 conviction for Possession of Marijuana W/I to Resell is not a predicate felony for [purposes of] the career offender enhancement" provision of § 4B1.1 of the United States Sentencing Commission Guidelines Manual ("U.S.S.G."). (*Id.* at PageID 2410.) He also alleges that "he . . . received ineffective assistance of counsel" relating to the alleged erroneous use of his 2012 conviction as a predicate offense under U.S.S.G. § 4B1.1. (*Id.* at PageID 2415; *see also id.* at PageID 2418–19.) He insists that he only recently learned that his prior conviction should not have been used to enhance his sentence and that his attorney had provided ineffective assistance in not challenging the use of that conviction. (*Id.* at PageID 2415, 2418–19.) Although Armstrong "submitted [his motion] pursuant to Federal Rule of Civil Procedure 60(b)(6)," he "respectfully ask[s] this . . . Court in the [a]lternative to consider vacating his sentence" pursuant to 28 U.S.C. § 2255. (*Id.* at PageID 2418;

1

*see also id.* at PageID 2420–21 (discussing cause to excuse procedural defaults in § 2255 proceedings).)

Rule 60 of the Federal Rules of Civil Procedure "does not apply in criminal proceedings." *United States v. Bender*, 96 F. App'x 344, 345 (6th Cir. 2004) (*citing United States v. Fair,* 326 F.3d 1317, 1318 (11th Cir. 2003)). Defendant's motion is thus not properly brought under Rule 60. It is, nevertheless, clearly in the nature of a petition under § 2255, and Armstrong has not previously filed a petition under that statute.

The Clerk of Court is therefore DIRECTED to open a new civil case and file the document at D.E. 846 in this case as a case-initiating § 2255 petition.

IT IS SO ORDERED this 3rd day of April, 2019.

                                        s/ J. DANIEL BREEN
                                        UNITED STATES DISTRICT JUDGE